**UNITED STATES of America, Appellee,**

v.

**Rawson Edward WATSON, aka Sealed Defendant 1, Defendant–Appellant.**

**No. 14–1302–cr.**

United States Court of Appeals, Second Circuit.

Feb. 10, 2015.

Randolph Z. Volkell, Merrick, New York, for Appellant.

Shane T. Stansbury, and Karl Metzner (on the brief), for Preet Bharara, United

States Attorney for the Southern District of New York.

Present: PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges, JEFFREY ALKER MEYER,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Rawson Edward Watson ("Watson") appeals from a final judgment and sentence entered by the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history, and the legal issues presented by this appeal.

It is uncontested that Watson did not reserve, and has therefore waived, his right to appeal the issue of whether 21 U.S.C. § 959(b)(2) applies extraterritorially. "Generally, in order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *United States v. Rubin,* 743 F.3d 31, 35 (2d Cir.2014) (internal quotation marks omitted). Watson did none of these things. Nonetheless, he argues that we may reach the merits of his appeal because the issue he raises is jurisdictional in nature. *See United States v. Garcia,* 339 F.3d 116, 117 (2d Cir.2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."). Watson's argument must be rejected, however, as it is directly contradicted by clear and binding precedent. *See Morrison v. Nat'l Austl. Bank Ltd.,* 561 U.S. 247, 253–54, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010) (holding that the extra-

territorial reach of a statutory provision is a merits question); *United States v. Yousef,* 750 F.3d 254, 261–63 (2d Cir.2014) (applying *Morrison* in the criminal context), *cert. denied,* —— U.S. ——, 135 S.Ct. 248, 190 L.Ed.2d 184 (2014).

We have considered Watson's remaining arguments and find them to be without merit. Accordingly, Watson's appeal is **DISMISSED.**